UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
Rafet Balic (aka) Rafco Balic,

                Plaintiff,

                              Case No: 19-cv-00572-AMD-SMD

          v.

Fountain Terrace Owners, Inc., StaffPro, Inc
Staffmal, LLC, Mr. Michael
Malek, as Managing Agent of Malek
Management Corp and Malek Management Corp,
Jointly and severally.

                        Defendants.
--------------------------------------------------------X


## SECOND AMENDED COMPLAINT AND JURY TRIAL DEMAND

(Race, National Origin, Wage and Hour, Disability Discrimination and Retaliation in
Employment)

## Introduction

1.    Plaintiff, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq., 42 USC 1981 and 42 U.S.C. §1981a, 42 USC Sec. 1983, Fair Labor Standards Act ("FLSA"), New York Labor Law (NYLL), Americans with Disabilities Act (ADA) and New York State Human Rights Law (NYSHRL) and New York City Human Rights Law (NYCHRL), to remedy acts of race, national origin, disability, employment, discrimination and retaliation perpetrated against him by Defendants.

2.    Plaintiff demands that all issues in this case be tried by a jury of his peers in accordance with the Seventh Amendment to the U.S. Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE ALLEGATIONS.

3.     This court has jurisdiction over this action under 42 U.S.C.A §§ 12101 et seq. and under 28 U.S.C.A. §§ 1331 and 1343(4) and the Americans with Disabilities Act of 1990, 42 U.S.C.A. §12101 et. seq. The unlawful employment acts in this case were committed wholly or in part, within the territorial jurisdiction of this court. Upon information and belief, Defendants employ 15 or more employees on its payroll for 20 or more calendar workweeks in either the current or preceding calendar year (29 C.F.R. § 1630.2(e). Plaintiff will rely on the pendant jurisdiction of the court for state causes of action alleged in this action. This action also arises in part under 29 U.S.C. § 201, et. seq. of the FLSA. The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b). The jurisdiction of the Court is invoked based on federal question namely, Section 16 of the Fair labor Standards Act (FLSA) 29 USC 52 16 and 28 USC SS 133 1 and 1367. This Court's pendent jurisdiction is also invoked in relation to causes of action arising under state law herein included. All the causes of action alleged in his complaint arose within the territorial jurisdictional limits of the Eastern District of New York. Further, the action also arises pursuant to New York State Minimum Wage law and New York State Common Law.  Plaintiff requests supplemental jurisdiction be extended over these related claims.

## PARTIES

4.     Plaintiff is a 60-year-old man of East European extraction of Montenegro origin who was employed by Defendants as a building superintendent at property located at 735 Avenue W, Brooklyn, New York from May 2000 to February 2017.

5.     Defendant Fountain Terrace Owners Inc is a New York Corporation that owns property located at 735 Avenue W, Brooklyn, New York and Plaintiff's employer.

6.     Defendant StaffPro, Inc., is a New York Corporation and maintains an office at 431 Beach 20th Street, Far Rockaway, New York. StaffPro, and at different times prior to this action, paid or was used to pay Plaintiff's monthly salary and issued Plaintiff with W2 wage and tax statement as Plaintiff's employer. StaffPro is reflected on the W2 statement as employer.

7.      Defendant Staffmal LLC, an employee staffing company, is a New York Corporation and maintains an office at 431 Beach 20th Street, Far Rockaway, New York. At different times prior to this action, Staffmal paid or was used to pay Plaintiff's monthly salary and issued Plaintiff with paystubs and W2 wage and tax statement as Plaintiff's employer. Staffmal is reflected on the W2 statement as employer.

8.     Defendant Malek Management Corp. is a New York Corporation and maintains an office at 1491 Coney Island, Brooklyn, New York and at different times prior to this action, paid or was used to pay Plaintiff's monthly salary and issued Plaintiff with paystubs and W2 wage and tax statement as Plaintiff's employer. Defendant Malek Management also manages the property known as and by 735 Avenue W, Brooklyn New York.

9.     Defendant Michael Malek is the principal of Malek Management who managed and supervised Plaintiff and all other employees for Defendants.

10.     Between all the Defendants, there is no distinction as each had control over Plaintiff's employment and based on a complex management relationship of the Defendants, it is unclear whether Defendants maintained separate and distinct operations as to be independent of each other. Although Defendant Fountain Terrace has alleged that Staffmal, LLC is Plaintiff's employers, however, because of the

hazy and complex relationship of the Defendants, it is unclear, murky and obscure who the Defendants front as the actual employer.

## PROCEDURAL REQUIREMENTS

11.    Plaintiff filed a timely charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC") and brings this action within ninety (90) days of the receipt of a Notice of Right to Sue, issued by the EEOC on October 31, 2019, a true and accurate copy of which is attached hereto as Exhibit "A".

## Statement of Facts

12.    Plaintiff, a resident of the Eastern District of New York, of East European extraction, of Montenegro National Origin, was employed by the Defendants as a building superintendent from May 2000 to February 03, 2017 when he was unlawfully discharged. Plaintiff last earned $38,808.40 per annum plus additional income (official residence and other services) valued at approximately $24,000.00 per annum

13.    Plaintiff's job description was Building Superintendent, but he was compelled by Defendants to undertake the following additional duties:

a) servicing rental units for the rental property on a daily basis.

b) picking up supplies for the management office,

c) making repairs to apartments comprised in the property and occupied by tenants,

d) collecting trash and removal thereof, from tenants' apartments daily.

e) removing ice and snow from the premises.

Plaintiff thus was really employed and worked as a non-exempt general laborer rather than an exempt building superintendent. Defendants failed to pay Plaintiff earned wages and overtime compensation therefor.

14. Plaintiff on the whole was required to work for a period in excess of 80 hours every week and was on a round-the-clock call duty every day. Plaintiff was required to respond to any call at any hour of the day or night or provide an alternate help to cover for him, at Plaintiff's own expense. Plaintiff thus worked overtime hours and spread of hours for which he received no compensation or inadequate compensation. None of the other employees of Defendants who were outside Plaintiff's protected class was subjected to the treatment Plaintiff complains of in this action.

15. Plaintiff and all the other employees of the Defendants were employed, managed and supervised by Defendant, Mr. Michael Malek, designated Managing Agent of Malek Management which, in a complex management relationship is also the managing agent of 10 other buildings in New York including the property of Defendants. It is unclear whether Defendants maintained separate and distinct operations as to be independent of each other as separate legal entities. Plaintiff like all other employees are members of a Labor Union (Local IBEW 670), in a collective bargaining arrangement made between employees of Plaintiff and his co-employees of the one part and Defendants on the other part.

## IMPAIRMENT LIMITING ABILITY TO PERFORM DUTIES.

16. Plaintiff was diagnosed with Larynx Cancer which required him to seek and obtain substantial medical assistance and accommodation at work. Plaintiff was initially evaluated on 2/29/2016 and received prescriptions for concurrent treatments of chemotherapy and radiation between that date and 2/16/2017.

17.     Plaintiff duly presented a record of his impairment to his manager, one Aaron and Michael Malek, Managing Agent.

18.     After learning of Plaintiff's impairment, Defendants rather than granting accommodation to Plaintiff turned hostile to Plaintiff, created a hostile work environment for Plaintiff and began to issue harassing warnings to Plaintiff based on false record of violations detailing claimed but unsubstantiated, unsatisfactory work performance against Plaintiff.

19.     On February 01, 2017, Plaintiff received a notice of termination of employment falsely citing poor work performance, insubordination and alcohol consumption.

20.     Plaintiff received a prescription of combined regimen of chemotherapy and radiation which he received daily until July 2016; Defendants required Plaintiff to work throughout the period without any sick leave.

<u>FAILURE TO GIVE ACCOMMODATION</u>

21.     From on or about November 11, 2016 Plaintiff nearly daily, received written queries on trumped up charges of unsubstantiated dereliction of duties.

22.     On or about January 11 2017, Plaintiff instructed a porter under him, one Albert Durakovic to begin removing garbage at about 3.00pm, which was the porter's duty, but the porter refused to carry out the instruction and claimed that he would be late for his main job (he was a part time employee in his job with Defendants, working for only 4 hrs. per day), he threw the keys at Plaintiff and stated that he "quit" the job, whereupon Plaintiff telephoned President of the board of Defendant, Fountain Terrace to report the incident as was required of him. Defendants falsely charged Plaintiff with wrongdoing in "discharging" the porter.

23. Defendants did not replace the porter rather required the ill Plaintiff to perform all the work by himself, including performing the duties of a porter which involved heavy lifting. Thus, rather than offer Plaintiff accommodation to perform his duties as a building superintendent, Plaintiff was required instead to perform additional work out of title

### IF GIVEN THE REQUISITE ACCOMMODATION, PLAINTIFF CAN CONTINUE TO DISCHARGE HIS DUTIES AS A BUILDING SUPERINTENDENT, WHICH IS ESSENTIALLY SUPERVISORY IN NATURE.

24. Plaintiff can perform the essential functions of a building superintendent which is more of a supervisory one. The chemotherapy and radiation however renders charging party weak and as such, he would rely on a porter to assist him to discharge the duties of a porter such as lifting garbage. Defendants failed and/or neglected to give Plaintiff a porter for a considerable period of time.

### PLAINTIFF'S DISCHARGE

25. On February 03, 2017, Plaintiff was summoned to the management office where he was handed a letter of discharge summarily discharging him from his job as a superintendent upon false and unsubstantiated charges of, alleging that Plaintiff misrepresented to Defendants that, on January 11, 2017 the Board President terminated the porter's employment while on the same day, Plaintiff advised the Board President that Management had terminated the porter's employment. It was further falsely alleged that Plaintiff wrongfully discharged the porter. Plaintiff was also falsely charged with poor work performance, insubordination and alcohol consumption at work.

26.    The alleged dishonesty, alcohol consumption at work, insubordination and poor work performance were not and could not be substantiated. It was not even investigated or documented except for Defendants merely mouthing it.

27.    The unlawful discharge did not even meet the low bar threshold set by employer for discharge of employees. There was no evidence of blood alcohol level established after a breathalyzer test; there was no evidence of a hearing to determine the truth or otherwise of the allegations of dishonesty leveled against Plaintiff; and there was no record that employer complied with the Collective Bargaining Agreement in the discharge of Plaintiff. Those allegations of infractions by Plaintiff were deliberately falsely lodged against Plaintiff to stack the deck and justify an impending wrongful discharge of Plaintiff.

28.    Practically, every assertion of dereliction of duty, insubordination or failure alleged against claimant relates to the duties of a porter. Plaintiff was not employed as a porter. Defendants rather than give accommodation to Plaintiff, compelled him to work out of title as a porter in addition to his duties as a building superintendent. The Collective Bargaining Agreement provides that "if a certified testing laboratory determines that an employee has reported to work or has been at work under the influence of alcohol, 3 or more times within three years" he may be discharged for cause".

29.    There is no evidence that Respondent ever procured a certified testing laboratory to conduct a breathalyzer or blood alcohol test on complainant once, how much more, three times in three years.

30.    The hostile working environment continued during 2017. Defendants did not subject the white employees who reported to him to such treatment. Plaintiff's doctor

recommended that be given a reasonable accommodation at work during the period he was undergoing Chemotherapy treatment for his cancer diagnoses.

31.    Defendants derogatorily, often referred to Plaintiff as "Gypsy" and his family as "the Gypsies" meant to be understood and was understood to refer to persons of inferior or substandard race or descent, simply because Plaintiff's skin color or complexion was of a different genre than Defendants'. Plaintiff was thought of and treated as inferior to other Caucasian employees.

## REPRISAL FOR ENGAGING IN PROTECTED ACTIVITY.

32.    Plaintiff commenced EEOC proceedings against Defendants for employment discrimination seeking relief against his discharge, a protected activity, but Defendants immediately launched a reprisal against by commencing proceedings to evict Plaintiff from the apartment which he was occupying at Defendants' apartment complex.

## EXCESSIVE WORK HOURS UNCOMPENSATED FOR.

33.    Plaintiff's duties included working as a domestic servant and unskilled laborer for the Defendants at the building owned by Defendant Fountain Terrace, servicing approximately 90 apartments occupied by tenants. Even though Plaintiff's employment was said to be as building superintendent, it was however, in name only.

34.    Plaintiff is not an employee exempt from receiving overtime compensation under New York Law or Federal statutes.

35.    The New York Spread of Hours law requires an extra hour of pay when an hourly employee ("non-exempt," as in "not exempt from receiving overtime") has a workday that begins and ends more than ten hours apart.

36.     It was specifically understood and expected that the Plaintiff's employment would be governed by applicable law. It was Plaintiff's expectation that he would work 40 hours per week, plus overtime, enjoy vacation and be paid for spread of hours.   Defendants accepted the benefits of Plaintiff's labor and suffered or permitted him to work for at least the past 3 years.

37.     As compensation for said services, Plaintiff only received free rent apartment on a monthly basis and a flat rate weekly compensation stated as "salary" irrespective of the number of hours worked by Plaintiff for the period.

38.     Plaintiff was required to work for a period of at least 12 hours per day from Sunday through Monday every week.

39.     Plaintiff was neither allowed sick days nor vacation time. If Plaintiff requested a vacation, he was required to provide a substitute worker to cover his duties and the substitute would be remunerated by Plaintiff.

40.     Over the course of the employment, Plaintiff's son sometimes covered for him. As such, at all times material, Plaintiff was being paid less than the Federal, and New York State, Minimum Wages. Additionally, even during off hours, Plaintiff is required to remain on call on the employer's premises during which periods he is unable to use the on-call time for his own purposes.

41. The Wage and Hour Division has stated that if an employee "is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes," the waiting time is considered hours worked under the FLSA and is compensable.

42.     At all times material to this action, Defendants employed the Plaintiff upon the understanding that Plaintiff would receive at least the mandated minimum wage for 40 hours of work per week and one and half times the regular wage for any hours

worked in excess of 40 hours. Plaintiff was paid, and he received less than minimum wage per hour for the services he rendered to the Defendants throughout the duration of his employment.

43.     Plaintiff frequently worked more than forty hours in a work week without being paid one and half times his hourly wage for hours worked in excess of 40 hours. Plaintiff often worked for upwards of 168 hours every week and he received a remuneration of only $500.00 per week. Plaintiff worked from Monday to Saturday for at least 12 hours per day, variously as a porter, janitor, cleaner and handyman, a total of at least 72 hours on Mondays through Saturdays. For the balance of the days from 5 p.m. till 12 midnight and 12.00am till 8am and 24 hours and on Sundays, he was on call. And during these periods, he was required to remain physically on the premises. Plaintiff received remuneration of a flat rate salary of approximately $746.31 per week during this period.

44.     The minimum wage period was $7.15 per hour in a 40-hour week and $10.725 for any hour worked beyond 40 hours in any given week and an additional $7.15 per hour for any hour worked beyond 10 hours in every day pursuant to New York Law.

45.     The minimum wage for a 168-hour week worked by Plaintiff three years is as follows: **$286.00** regular pay for the 40 hours; **$1,372.8** for 128 hours of overtime and **$700.70** spread of hours (14 hours every day) under New York Law, a total of **$2,359.50** per week or **$245,388.00.**

## WILLFUL VIOLATIONS

46.     Repeats and realleges each and every allegation contained in paragraphs 1 through 14, with the same force and effect as if set forth here at length.

47.     On information and belief, Defendants have for more than three years, willfully, deliberately and intentionally refused to pay Plaintiff for time actually worked, and for time and one-half pay for overtime worked.

48.     On information and belief, and in violation of the FLSA, Defendants did not, during all relevant times, and even now, post the FLSA laws in an area alerting employees of their rights to payment for time worked and to overtime pay under the FLSA.

49.     Defendants knew or should have known that employees were entitled to compensation for time actually worked and for time and one-half overtime pay under the FLSA, during all relevant times.

50.     Defendants, however, willfully, deliberately and intentionally failed to pay Plaintiff for time actually worked and for time and one-half overtime wages to Plaintiff for hours worked in excess of forty hours per week.

51.     Plaintiff is therefore, owed compensation for time actually worked but not paid, and time and one-half overtime wages and back wages by Defendants, who willingly and knowingly withheld those wages.

### Count One
### (Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.)

52.     The foregoing paragraphs are re-alleged and incorporated by reference herein.

53.     The Defendants' conduct as alleged at length herein constitute discrimination based on race in violation of Title VII. The stated reasons for the Defendants' conduct were not the true reasons, but instead were pretext to hide the Defendants' discriminatory animus.

## Count Two

### (Racial Discrimination in Violation 42 USC 1981.)

54.     The foregoing paragraphs are re-alleged and incorporated by reference herein.

55.     The Defendants' conduct as alleged at length herein constitute discrimination based on race in violation of Section 1981. The stated reasons for the Defendants' conduct were not the true reasons, but instead were pretext to hide the Defendants' discriminatory animus.

### Count Three
### (Reprisal for Engaging in Protected Activities)

56.     The foregoing paragraphs are re-alleged and incorporated by reference herein.

57.      The Defendants' conduct as alleged above constitutes retaliation against the Plaintiff because he engaged in activities protected by Title VII and the ADA and other anti-discrimination statutes. The stated reasons for the Defendants' conduct were not the true reasons, but instead were pretext to hide the Defendants' retaliatory animus.

### Count Four
### (Pleading a Cause of Action for Disability Discrimination)

58.     The foregoing paragraphs are re-alleged and incorporated by reference herein.

59.     Defendants have discriminated against Plaintiff by denying him reasonable accommodation for his disabilities, and has conducted itself intentionally, deliberately, willfully, and in callous disregard of the rights of Plaintiff.

60.     By reason of Defendants' discrimination, Plaintiff is entitled to all legal and equitable remedies available under 42 USC 1981 and 42 U.S.C. §1981a, 42 USC Sec. 1983, Fair Labor Standards Act ("FLSA"), New York Labor Law (NYLL),

Americans with Disabilities Act (<u>ADA</u>) and New York State Human Rights Law (<u>NYSHRL</u>) and New York City Human Rights Law (<u>NYCHRL</u>).

## Count Five
### (Hostile and Abusive Working Environment)

61. The foregoing paragraphs are re-alleged and incorporated by reference herein.

62. The Defendants' conduct as alleged above constitutes hostile and abusive working environment in violation of Title VII, and the 42 USC 1981 and 42 U.S.C. §1981a, 42 USC Sec. 1983, New York Labor Law (NYLL), Americans with Disabilities Act (ADA) New York State Human Rights Law (NYSHRL) and New York City Human Rights Law (NYCHRL). The stated reasons for the Defendants' conduct were not the true reasons, but instead were pretext to hide the Defendants' discriminatory animus.

## Count Six
### (FLSA Violations- Failure to pay minimum wage)

63. The foregoing paragraphs are re-alleged and incorporated by reference herein.

64. Defendants have violated Section 6 of the FLSA, 29 U.S.C. 206, by failing to pay Plaintiff the minimum wage of $7.15 per hour for the period of three years.

65. Defendants' failure to pay Plaintiff the minimum wage for all the hours worked was willful within the meaning of the FLSA.

66. Defendants are liable to Plaintiff in the amount of the unpaid compensation plus liquidated damages in the amount of the unpaid compensation.

67. Defendants failed to pay Plaintiff overtime due pursuant to the FLSA as described in part in Sec 7(a)(1) of the FLSA.

68.    Plaintiff was damaged by Defendants' failure to pay him overtime.

WHEREFORE, Plaintiff demands a judgment against Defendants for the following:

(a)    Wages found to be due and owing;

(b)    An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c)    Prejudgment interest in the event liquidated damages are not awarded;

(d)    A reasonable attorney's fee and costs; and,

(e)    Such other relief as the Court deems just and equitable.

## Count Seven.
### (FLSA Violation - Failure to Pay Overtime Wages)

69.    The foregoing paragraphs are re-alleged and incorporated by reference herein.

70.    Defendants have violated Section 7 of the FLSA, 29 U.S.C. S. 207, by failing to pay Plaintiff at the rate of one and half times his regular rate of pay for each hour worked in excess of 40 hours during the work week.

71.    Defendants' failure to pay Plaintiff time and half for overtime hours was willful within the meaning of the FLSA. Defendants are liable to Plaintiff in the amount of the unpaid compensation plus liquidated damages in the amount of the unpaid compensation.

WHEREFORE, Plaintiff demands a judgment against Defendants for the following:

(a)    Wages found to be due and owing;

(b)      An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c)      Prejudgment interest in the event liquidated damages are not awarded;

(d)      A reasonable attorney's fee and costs; and,

(e)      Such other relief as the Court deems just and equitable.

## Count Eight
### (New York Labor Law Section 198)

72.    The foregoing paragraphs are re-alleged and incorporated by reference herein.

73.   Pursuant to New York Labor Law Section 198, Defendants are liable to Plaintiff in the amount of compensation he was entitled by New York Labor law S. 650 et seq and by New York Compilation of Codes, Rules and Regulations, Title 12, Section 142-3.1, to receive but were, in fact, not paid, plus liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.

WHEREFORE, Plaintiff demands a judgment against Defendants for the following:

(a)      Wages found to be due and owing;

(b)      An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c)      Prejudgment interest in the event liquidated damages are not awarded;

(d)      A reasonable attorney's fee and costs; and,

(e)      Such other relief as the Court deems just and equitable.

## Count Nine
### (New York Labor Law – Liquidated Damages)

74.    The foregoing paragraphs are re-alleged and incorporated by reference herein.

75.    Pursuant to New York Labor Law Section 198, Defendants are liable to Plaintiff in the amount of compensation he was entitled by New York Labor law Section 650 et seq and by New York Compilation of Codes, Rules and Regulations, Title 12, Section 142-3.2, to receive but were, in fact, not paid, by Defendants failing to pay Plaintiff one and half times his regular rate of pay for each hour he worked in excess of 40 hours during a work week, plus liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.

WHEREFORE, Plaintiff demands a judgment against Defendants for the following:

(a)        Wages found to be due and owing;

(b)        An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c)        Prejudgment interest in the event liquidated damages are not awarded;

(d)        A reasonable attorney's fee and costs; and,

(e)        Such other relief as the Court deems just and equitable.

## Count Ten
### (New York Labor Law Liquidated Damages spread of hours)

76.    The foregoing paragraphs are re-alleged and incorporated by reference herein

77. Pursuant to New York Labor Law Section 198, Defendants are liable to Plaintiff in the amount of compensation he was entitled by New York Labor law Section 650 et seq and by New York Compilation of Codes, Rules and Regulations, Title 12, Section 142-2.4, to receive but were, in fact, not paid, by Defendants failing to pay Plaintiff the required $7.15 per hour, for three years, for each day he worked more

than ten hours, plus liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.

WHEREFORE, Plaintiff demands a judgment against Defendants for the following:

(a)      Wages found to be due and owing;

(b)      An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c)      Prejudgment interest in the event liquidated damages are not awarded;

(d)      A reasonable attorney's fee and costs; and,

(e)      Such other relief as the Court deems just and equitable

## **Count 11**
### **(Unjust Enrichment)**

78.    The foregoing paragraphs are re-alleged and incorporated by reference herein.

79.    Defendants failed to reimburse Plaintiff for expenses he incurred while working for Defendants and for advanced rent and security deposit.

Plaintiff was damaged by Defendants' failure to reimburse him for his expenses.

WHEREFORE, Plaintiff demands a judgment against Defendants for the following:

(a)      Damages found to be due and owing;

(b)      Prejudgment interest in the event liquidated damages are not awarded; and,

(c)      Such other relief as the Court deems just and equitable.

## Count Twelve
## Breach of Contract

80.   The foregoing paragraphs are re-alleged and incorporated by reference herein.

81.   Defendants agreed to reimburse Plaintiff for expenses he incurred while working for Defendants but has failed to do so. Defendants also failed to reimburse Plaintiff for monies expended by him to repair and renovate to habitable standards, the apartment which was assigned to Plaintiff as his residence.

82.   Plaintiff was damaged by Defendants' failure to reimburse him for his expenses.

WHEREFORE, Plaintiff demands a judgment against Defendants for the following:

(a)      Damages found to be due and owing;

(b)      Prejudgment interest in the event liquidated damages are not awarded; and,

(c)      Such other relief as the Court deems just and equitable.

## Count Thirteen

### (Failure to Keep Accurate Time Records)

The foregoing paragraphs are re-alleged and incorporated by reference herein.

83.   Defendants violated the Fair Labor Standards Act by failing to pay Plaintiff legally required overtime. Defendants paid straight time for all hours worked and failed to maintain accurate time records.

84.     Plaintiff was damaged by Defendants' failure to keep accurate time records and pay the amounts due for services rendered by Plaintiff. Defendants simply paid Plaintiff straight time for all the times he worked and intentionally omitted to state the hours worked by Plaintiff or keep accurate time records for times worked by Plaintiff for which the "salary" was being paid.

WHEREFORE, Plaintiff demands a judgment against Defendants for the following:

(a)      Damages found to be due and owing;

(b)      Prejudgment interest in the event liquidated damages are not awarded; and,

(c)      Such other relief as the Court deems just and equitable.

        WHEREFORE, Plaintiff prays that this Court grant judgment to him containing the following reliefs:

1.      An award of Plaintiff's actual damages in an amount not less than $1,000,000.00 for loss of wages, benefits, and promotional opportunities, including an award of front pay compensating Plaintiff for loss of future salary and benefits;

2.      An award of damages in an amount not less than $1,000,000 to be determined at the trial, to compensate Plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

3.      An award of damages in an amount not less than $1,000,000 to be determined at the trial, to compensate Plaintiff for harassment;

4.      An award of damages in an amount not less than $1,000,000 to be determined at the trial, to compensate Plaintiff for working out of title;

5.   An order enjoining Defendants from engaging in the wrongful practices alleged herein and to provide Plaintiff with a reasonable accommodation;

6.   An award of reasonable attorneys' fees and the costs of this action including attorneys' fees for representation before the EEOC as required before commencing proceedings in this federal action; and

7.   Such other and further relief as this Court may deem just and proper.

Dated: Bronx, New York.

August 19, 2019.

_____

Uche Emelumadu Esq., etc.

# EXHIBIT A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Rafet Balic<br>735 Avenue W, Apt 4<br>Brooklyn, NY 11223 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-02333 | Holly M. Shabazz,<br>State & Local Program Manager | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Kevin G. Berry,
District Director

October 31, 2018
(Date Mailed)

Enclosures(s)

cc:

Attn: Director of Human Resources
FOUNTAIN TERRACE OWNERS INC.
735 Avenue W
Brooklyn, NY 11223

Uche Emelumadu, Esq.
Madu, Edozie & Madl, PC
1599 East Gun Hill Road
Bronx, New York 10469

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x

RAFET BALIC, (aka RAFCO BALIC)          Case No:19-cv-00572-AMD-SMD

              Plaintiff,

      v.

Fountain Terrace Owners, Inc.,
Staffmal, LLC, Mr. Michael
Malek, as Managing Agent of Malek
Management Corp and Malek Management Corp,
Jointly and severally.


              Defendants.

---------------------------------------------------x

_____


# SECOND AMENDED COMPLAINT AND JURY TRIAL DEMAND

_____

**MADU EDOZIE & MADU PC**
**1599 Gun Hill Rd.**
**Bronx, New York 10469**
**(718) 379-3500**


_____


Signature (Rule 130 1.1a


_____

Uche Emelumadu